## KETTERER *v.* STRINGFIELD.

BECK, J.    1. In a suit to recover land the defendant relied, as one of her muniments of title, upon a deed executed by a sheriff in pursuance of a sale made by him under a fi. fa. based upon a judgment against the plaintiff's husband. The fi. fa. upon which the deed was based was introduced in evidence, and so was a transcript of the judgment of the superior court, which was rendered about twenty-five years before the trial, and was enforced by a sale of the property in question about seven years after its rendition.    The plaintiff sought to attack the validity of the judgment, by introducing the parol evidence of her husband to the effect that he had never been served with the process in the suit in which the judgment was rendered, and that he did not know of it and had no opportunity to defend.  *Held,* that there was no error in rejecting such evidence. When it appeared that a judgment had been rendered in a court of general jurisdiction, a presumption arose that the prerequisites to obtaining it had been performed, including the making of an entry of service on the defendant. If there was such an entry, it could not be collaterally attacked by the introduction of evidence such as that offered in this case. If the plaintiff sought to show that the judgment was void for want of service, she could not do so without first showing that there had been no entry of service. This was not shown, and the evidence offered by her to negative service was properly rejected.
2. Other exceptions to the rulings upon the admissibility of evidence are not referred to in the brief of counsel for the plaintiff in error, and are therefore treated as having been abandoned.
3. Under the evidence the verdict as rendered was demanded, and the court did not err in directing it accordingly.
*Judgment affirmed. All the Justices concur. Atkinson, J., concurs specially in the judgment.*

SEPTEMBER 22, 1914.

Complaint for land.   Before Judge Conyers.   Appling superior court.   October 16, 1912.

*Oliver & Oliver* and *H. L. Williams,* for plaintiff.
*Parker & Highsmith,* for defendant.